1  JEFFREY D. GOLDMAN (Bar No. 155589),
   JGoldman@jmbm.com
2  BRIAN M. YATES (Bar No. 241798),
   BYates@jmbm.com
3  JEFFER, MANGELS, BUTLER & MARMARO LLP
   1900 Avenue of the Stars, Seventh Floor
4  Los Angeles, California 90067-4308
   Telephone:  (310) 203-8080
5  Facsimile:  (310) 203-0567

6  Attorneys for Defendant UNIVERSAL MUSIC GROUP,
   INC., UNIVERSAL MUSIC GROUP DISTRIBUTION,
7  CORP. (erroneously sued as "Universal Music Group
   Distribution, Inc.") and FONOVISA, INC.
8
   JEFFREY S. KRAVITZ (Bar No. 66481)
9  jskravitz@foxrothschild.com
   ISMAEL BAUTISTA, JR. (Bar No. 252139)
10 ibautista@foxrothschild.com
   FOX ROTHSCHILD LLP
11 1800 Century Park East, Suite 300
   Los Angeles, CA 90067
12 Telephone:  (310) 598-4150
   Facsimile:  (310) 556-9828
13
   Attorneys for Plaintiff JULIAN GARZA
14
   ANTHONY R. LOPEZ, a Professional Corporation
15 LAW OFFICES OF LOPEZ & ASSOCIATES
   ANTHONY R. LOPEZ (Bar No. 149653)
16 alopez@musicatty.com
   9025 Wilshire Blvd., Suite 500
17 Beverly Hills, CA 90211
   Telephone:  (310) 276-4700
18 Facsimile:  (310) 861-0509

19 Attorneys for Defendants AYANA MUSICAL, INC.,
   CINTAS ACUARIO, INC., JENNI RIVERA and ROSA
20 RIVERA

21              UNITED STATES DISTRICT COURT

22              CENTRAL DISTRICT OF CALIFORNIA

23                    WESTERN DIVISION

| | |
|---|---|
| 24  JULIAN GARZA, an individual, | CASE NO.  CV 09-6866 CBM (JCx) |
| 25         Plaintiff, | |
| 26      v. | **STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |
| 27  UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; UNIVERSAL | |
| 28  MUSIC GROUP DISTRIBUTION, | **[CHANGES MADE BY COURT TO ¶ 7.2]** |

| | |
|---|---|
| 1 | INC., a Delaware corporation; FONOVISA, INC., a California corporation; AYANA MUSICAL, INC., a California corporation; CINTAS ACUARIO, INC., a California corporation; JENNI RIVERA, an individual; ROSA RIVERA a/k/a ROSIE RIVERA, an individual; and DOES 1 through 10, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | Defendants. |

Plaintiff Julian Garza, defendants Universal Music Group, Inc., Universal Music Group Distribution, Corp. (erroneously sued as "Universal Music Group Distribution, Inc."), Fonovisa, Inc., Ayana Musical, Inc., Cintas Acuario, Inc., Jenni Rivera and Rosa Rivera, through their respective counsel, acknowledge that the discovery and pre-trial phase of this action may involve disclosure of trade secrets and/or other confidential and proprietary business, technical or financial information. Therefore, the parties hereby stipulate that the Court may enter the following Order pursuant to Fed. R. Civ. P. 26(c).

**1.      DEFINITIONS**

1.1     As used herein, the term "Confidential Information" shall mean: (a) any type of information that has not been made generally available to the public and the disclosure of which the disclosing party or third party contends would cause serious harm to the disclosing party's or third party's business operations or interests, including, but not limited to, contracts for personal services, customer lists, customer data, costs of goods or services sold, manufacturing or other costs of doing business, employee salaries, marketing plans, financial performance data, sales records, inventory sheets, and manufacturing, product development, and business development strategies; (b) data derived from such Confidential Information, including any summaries, compilations, quotes, or paraphrases thereof; (c) any other

1  oral, written, or recorded material that consists of or contains trade secrets (as defined
2  in California Civil Code § 3426.1(d)) or other confidential research, development, or
3  commercial information (as referred to in Fed. R. Civ. P. 26(c)(1)(G)); or (d) any
4  other information that the designating party reasonably believes (1) constitutes
5  proprietary information, confidential business information, information that the
6  designating party may need, for any business, employment or competitive purposes,
7  to be protected from disclosure, trade secrets, and/or information in which the party
8  or any third party has a privacy interest, or (2) is subject to protection from
9  disclosure, or limitation upon disclosure, under applicable law.

10      1.2    As used herein, the terms "document," "documents," "tangible
11  things," "recordings," and "photographs" mean documents, writings, tangible things,
12  recordings, and photographs as defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid.
13  1001, and include, but are not limited to, records, exhibits, reports, samples,
14  transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes,
15  abstracts, drawings, company records and reports, answers to interrogatories,
16  responses to requests for admissions, and motions, including copies or computer-
17  stored versions of any of the foregoing.

18

19  **2.    <u>DESIGNATION OF CONFIDENTIAL INFORMATION</u>**

20      2.1    This PROTECTIVE ORDER applies to all discovery responses,
21  documents, testimony, and other information or materials containing Confidential
22  Information disclosed in this action that are designated by a party or third party as
23  CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,
24  as defined below, whether such disclosure is by order of the Court or by response to
25  questions in a deposition, written interrogatories, requests for the production of
26  documents and other tangible things, requests for admission, Rule 45 subpoenas to
27  third parties, or any other discovery undertaken in this action.
28      2.2    Any party or third party responding to discovery in this action

1  shall have the right to designate any document, testimony, or other information or
2  material as either CONFIDENTIAL or HIGHLY CONFIDENTIAL –
3  ATTORNEYS' EYES ONLY.  CONFIDENTIAL or HIGHLY CONFIDENTIAL –
4  ATTORNEYS' EYES ONLY information is information that the designating party
5  reasonably believes contains Confidential Information which reasonably requires for
6  its protection to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL –
7  ATTORNEYS' EYES ONLY.

8      2.3  Such designation shall be accomplished by placing the notation
9  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
10  ONLY" on every page of each document or portion thereof so designated.  In the case
11  of Confidential Information disclosed in a non-paper medium (e.g., videotape,
12  audiotape, computer disks, etc.), the appropriate notation shall be affixed to the
13  outside of the medium or its container so as to clearly give notice of the designation.
14  Such designation is deemed to apply to the document itself and to the Confidential
15  Information contained therein.

16      2.4  Confidential Information so designated shall be used only for the
17  purposes of this litigation and may not be used by any party to whom or which that
18  information is produced or disclosed for research, development, sales, marketing,
19  publicity, or competitive purposes, or any other purpose.  Confidential Information so
20  designated shall not be disclosed to anyone other than those persons identified in
21  Paragraphs 4.3 and 4.4, *infra*, except as may be ordered by the Court or agreed to in
22  writing by the parties.  If any information designated by a party or third party as
23  CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is
24  thereafter used by a party to whom or which it has been produced or disclosed as part
25  of a paper filed or lodged with the Court in this action or in a response to a discovery
26  request in this action, the party using that information shall take all reasonable steps
27  to preserve the continued confidentiality of that designated Confidential Information.
28  This includes maintaining the designation of confidentiality in all places where that

7076632v1

information is so used and requesting that such information is filed or lodged with the Court under seal in accordance with the procedures of C.D. Cal. Local Rule 79-5.1.

2.5 The parties and any third parties responding to discovery in this action shall use reasonable care to avoid designating any materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY that are: (a) not entitled to such designation, or (b) generally available to the public.

## 3. DEPOSITIONS

3.1 With respect to the examination of witnesses upon oral deposition, when designated Confidential Information is supplied to the deponent, or when the deponent's testimony contains, reflects, or comments on designated Confidential Information, the deposition reporter and/or videotape operator shall be informed of this PROTECTIVE ORDER by the party or third party seeking to invoke its protection, and will be required to agree to be bound by its terms. The reporter and/or videotape operator then shall place on the cover of any deposition transcript or videotape that contains any designated Confidential Information the words "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER." Counsel for the parties then shall take appropriate steps to prevent any portions of any deposition transcript or videotape designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY from being disclosed to any person, except as provided in this PROTECTIVE ORDER.

3.2 Testimony at a deposition may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if this PROTECTIVE ORDER is invoked at the deposition by counsel for a party or third party or the deponent. The designating party or third party also may, within thirty (30) days after receiving a copy of the deposition transcript, provide all parties with a written list of the page(s) of the deposition transcript, and any exhibits attached thereto, that the

1 party or third party designates as CONFIDENTIAL or HIGHLY CONFIDENTIAL –
2 ATTORNEYS' EYES ONLY.  If a deponent has disclosed something at a deposition
3 that a party or third party believes constitutes Confidential Information and should be
4 designated as such, the party or third party so believing can go back during the
5 deposition and designate that information as may be appropriate.

6        3.3     Each deponent to whom any party or third party proposes to
7 disclose designated Confidential Information at a deposition, trial, or other
8 proceeding shall be given a copy of this PROTECTIVE ORDER and informed of its
9 contents and the parties shall take all reasonable steps to have such witnesses abide
10 by the same.

11        3.4     If designated Confidential Information is to be discussed or
12 disclosed in a deposition, any party or third party claiming such confidentiality may
13 exclude from the room any person who is not entitled to receive such Confidential
14 Information during that portion of the deposition in which the Confidential
15 Information is actually discussed or disclosed.  If designated Confidential
16 Information is to be discussed or disclosed at a hearing or at trial, the parties may
17 request that the Court exclude from the courtroom any person who is not entitled to
18 receive such Confidential Information during that portion of the hearing or trial in
19 which the Confidential Information is actually discussed or disclosed.

20

21 **4.**     **<u>DISCLOSURE OF DESIGNATED CONFIDENTIAL</u>**
22 **<u>INFORMATION</u>**

23        4.1     The parties, counsel for the parties, and all persons who view
24 designated Confidential Information shall maintain all information designated as
25 CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in
26 confidence and shall not disclose such information, directly or indirectly, to any
27 person except as provided in this PROTECTIVE ORDER.

28        4.2     While the disclosure of Confidential Information designated

1  CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to
2  persons not authorized by this PROTECTIVE ORDER could, by definition, be
3  prejudicial to the business, operations, or interests of the designating party or third
4  party, the designations should not be overused.
5     4.3   Access to Confidential Information designated as
6  CONFIDENTIAL shall be limited to the following persons:
7       4.3.1   Outside and in-house counsel for the parties and their
8  support personnel such as paralegal assistants, secretarial, stenographic and clerical
9  employees and contractors, and outside copying services who are working on this
10 litigation under the direction of such attorneys and to whom it is necessary that the
11 materials be disclosed for purposes of this litigation.
12      4.3.2   Bona fide experts and/or consultants (together with
13 their clerical staff) retained by counsel of record on behalf of the parties for purposes
14 of this litigation.
15      4.3.3   Pursuant to Paragraphs 3.1 through 3.4, *supra*,
16 deponents at their depositions.  Counsel should have a good faith belief that such
17 disclosure is necessary before disclosing designated Confidential Information to the
18 deponent.
19      4.3.4   Court reporter(s) employed in this litigation.
20      4.3.5   The parties to this action, as well as current officers,
21 directors, and employees of the parties to this action that are corporate entities.
22      4.3.6   The Court and its staff, mediators used in settlement
23 proceedings in this action and their staff, and members of a jury impaneled for a trial
24 in this action.
25     4.4   Access to Confidential Information designated as HIGHLY
26 CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be limited to the following
27 persons:
28      4.4.1   In-house counsel for the corporate parties to this

action, attorneys of record in this proceeding, their partners and associates, and their support personnel such as paralegal assistants, secretarial, stenographic and clerical employees and contractors.

    4.4.2  Bona fide experts and/or consultants (together with their clerical staff) retained by counsel of record on behalf of the parties for purposes of this litigation.

    4.4.3  Pursuant to Paragraphs 3.1 through 3.4, *supra*, deponents at their depositions.  Counsel should have a good faith belief that such disclosure is necessary before disclosing designated Confidential Information to the deponent.

    4.4.4  Court reporter(s) employed in this litigation.

    4.4.5  The Court and its staff, mediators used in settlement proceedings in this action and their staff, and members of a jury impaneled for a trial in this action.

  4.5 Nothing herein shall prohibit a party, or his or its counsel, from disclosing a document that contains Confidential Information to the person whom the document identifies as an author, addressee, or recipient of such document.

  4.6 Each person referred to in paragraphs 4.3.2, 4.3.3, 4.3.5 (with the exception of in-house counsel for the parties and their support personnel), 4.4.2 and 4.4.3 to whom Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is to be given, shown, disclosed, made available or communicated in any way, shall execute a declaration, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order, and a copy of the declaration shall be maintained by outside litigation counsel for the party making such disclosure.

## 5.  CHALLENGING A DESIGNATION

  5.1 A party which disputes the propriety of a designation shall

1 challenge such designation within a reasonable time after the materials are so
2 designated.  In the event that a party challenges such designation, the party shall
3 provide written notice to the designating party of its disagreement with the
4 designation.  The parties shall first attempt to resolve the dispute in good faith and
5 shall employ the procedures of Local Rules 37-1 through 37-4 to resolve that dispute.
6 If the dispute cannot be resolved, the receiving party may apply to the Court for a
7 ruling concerning the status of such material, and, pending such application and
8 ruling, the receiving party shall treat such material as Confidential Information under
9 this PROTECTIVE ORDER.  Upon any hearing, the burden of proving that material
10 has been properly designated is on the party making such designation.

11      5.2    For documents that any party might wish to file with the Court
12 under seal, that party shall employ the procedures of Local Rule 79-5.1 and comply
13 with the requirements of Section 9, *infra*.

14      5.3    No party shall be obliged to challenge the propriety of a
15 designation, and a failure to do so shall not preclude a subsequent attack on the
16 propriety of any other designation.

17

18     **6.**    **INADVERTENT FAILURE TO DESIGNATE**

19      6.1    The inadvertent failure to designate Confidential Information as
20 CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
21 prior to or at the time of disclosure shall not operate as a waiver of a party's or third
22 party's right to designate such information within thirty (30) days after such
23 disclosure or, if the information is provided by a third party, within thirty (30) days
24 after notice of such disclosure.

25      6.2    In the event that Confidential Information is designated as
26 CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
27 after disclosure but within the thirty (30) day period allowed under Paragraph 6.1,
28 *supra*, the receiving party shall employ reasonable efforts to ensure that all previously

1 disclosed Confidential Information is subsequently treated as CONFIDENTIAL or
2 HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as appropriate,
3 pursuant to the terms of this PROTECTIVE ORDER.

4       6.3    Should any document or information designated as
5 CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY be
6 disclosed, through inadvertence or otherwise, to any person or party not authorized to
7 see such materials under this PROTECTIVE ORDER, then the disclosing party or
8 third party shall use its best efforts to bind such person to the terms of this
9 PROTECTIVE ORDER, and the disclosing party shall: (a) promptly inform such
10 person of all the provisions of this PROTECTIVE ORDER, and (b) identify the
11 name, address, telephone number, employer, and title or position of such person
12 immediately to the party or third party that or who designated the document.

13

14 **7.**    **CUSTODY AND DISPOSITION OF DESIGNATED**
15          **CONFIDENTIAL INFORMATION**

16       7.1    Confidential Information designated CONFIDENTIAL or
17 HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be maintained in
18 the custody of counsel for the parties, except for information in the custody of: (a)
19 the Court; (b) any court reporter transcribing testimony given in this action, for the
20 limited purpose of rendering his or her normal transcribing services; and (c)
21 consultants entitled to see such information under the terms of this PROTECTIVE
22 ORDER, to the extent necessary for their study, analysis, and preparation of the case.
23 Except for the Court, a person with custody of information designated
24 CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
25 shall maintain it in a manner that limits access to it to only those persons entitled
26 under this PROTECTIVE ORDER to examine it. Counsel may furnish information
27 designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS'
28 EYES ONLY in written format to persons authorized under this PROTECTIVE

1  ORDER to receive it.

2      7.2  Unless counsel agree otherwise in writing, within sixty (60) days of the conclusion of this litigation, whether by settlement or final, non-appealable decision of the Court, the parties, counsel for the parties, and all other persons (other than the Court/Court personnel) who have agreed in writing to be bound by this Stipulation and Protective Order who are in possession of documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall (a) destroy or return to the producing party or third party all hard copy documents, other than attorney work product, containing designated Confidential Information produced by a party or third party; and (b) delete all electronically stored documents, other than attorney work product, containing designated Confidential Information produced by a party or third party. Notwithstanding the foregoing, neither the defendants to this action nor their counsel shall have any obligation under this Protective Order to ensure the destruction of any copies of electronically-stored Confidential Information made by the automatic processes of their computer systems, including but not limited to any such copies that may reside on their servers and/or backup tapes.

    7.3  Notwithstanding the foregoing, counsel of record and each party shall be permitted to retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases.  Nothing in this paragraph shall be construed to require any party to return or destroy work product or attorney client privileged communications, whether from or to outside or in-house counsel.  Such file copies must be maintained under the conditions of maintaining confidentiality as set forth in Paragraph 7.1, *supra*.

## 8.  MISCELLANEOUS PROVISIONS

    8.1  Except as otherwise set forth in Paragraphs 8.5-8.7 regarding the introduction and use of Confidential Information at trial and by the Court, and as may

7076632v1

- 11 -

1  be required by law or legal process, the obligations of confidentiality and
2  nondisclosure shall be effective and shall be respected by the parties and all persons
3  in any way involved in these proceedings or to whose attention Confidential
4  Information shall come unless and until otherwise ordered by the Court or stipulated
5  by all parties to this action.  These obligations of confidentiality and nondisclosure
6  shall bind the parties through all proceedings in this action, including all appeals,
7  arbitrations, and proceedings upon remand, and shall survive the conclusion of this
8  action unless and until otherwise ordered by the Court, or until the parties to this
9  action stipulate that designated Confidential Information can be disclosed.
10             8.2    By entering into this PROTECTIVE ORDER, no party or third
11 party waives any objections it might have to the production of documents or
12 information covered by this PROTECTIVE ORDER.
13             8.3    No party to this action, by entering into this PROTECTIVE
14 ORDER, by designating certain information as CONFIDENTIAL or HIGHLY
15 CONFIDENTIAL – ATTORNEYS' EYES ONLY, or by acquiescing in any other
16 party's such designation, shall be deemed to have admitted or agreed that any such
17 designated information is, in fact, a trade secret or other confidential research,
18 development, or commercial information.
19             8.4    The Court retains jurisdiction even after termination of this action
20 to enforce this PROTECTIVE ORDER and to make such deletions from or
21 amendments, modifications, and additions to the PROTECTIVE ORDER that the
22 Court may from time to time deem appropriate.  The parties hereto reserve all rights
23 to apply to the Court at any time, before or after termination of this action, for an
24 order modifying this PROTECTIVE ORDER or seeking further protection against
25 disclosure or use of claimed Confidential Information.
26             8.5    Nothing contained herein shall restrict any party from introducing
27 designated Confidential Information as evidence at trial.  A party may seek a
28 protective order prior to trial with respect to testimony containing designated

1 Confidential Information that may be offered at trial or specific documents containing
2 designated Confidential Information that may be marked as exhibits at trial in order
3 to maintain the continued confidentiality of such information.

4       8.6    In general, court orders are available to the public. To the extent
5 that a party refers to or relies upon material that is filed under seal in its pleadings, the
6 pleadings must request that specific information be kept confidential. Absent the
7 granting of such advance request, the Court may incorporate all evidence in its
8 written and oral rulings.

## 9. FILING OR LODGING UNDER SEAL

11       9.1    If any party or third party seeks to file or lodge with the Court any
12 documents or things that contain materials designated CONFIDENTIAL or HIGHLY
13 CONFIDENTIAL – ATTORNEYS' EYES ONLY, such materials shall be submitted
14 to the Court in accordance with the procedures set forth in C.D. Cal. Local Rule 79-
15 5.1 for filing documents under seal. Where one party or third party wishes to file or
16 lodge any documents or things with the Court under seal, the other party or parties
17 shall not unreasonably withhold agreement to such filing or lodging under seal. If
18 such agreement is provided, the parties shall submit to the Court a stipulation and
19 proposed order for such filing or lodging under seal. If no such agreement is
20 provided, then the filing or lodging party or third party shall submit an application
21 and proposed order to the Court pursuant to C.D. Cal. Local Rule 79-5.1.

22       9.2    The person filing Confidential Information under C.D. Cal. Local
23 Rule 79-5.1 shall designate to the Clerk that all or a designated portion thereof is
24 subject to this PROTECTIVE ORDER and is requested to be kept under seal, except
25 that upon the default of the filing party to so designate, any party may do so.

7076632v1

## 10. GOOD CAUSE STATEMENT

Pursuant to Fed. R. Civ. P. 26(c), good cause exists for entry of this PROTECTIVE ORDER because the parties to this action: (1) have sought and expect to seek in the future the discovery of certain information in this action that is sensitive, private, and confidential, or that third parties required to get involved in discovery in this action might believe is sensitive, private, and confidential, including, but not limited to, (a) information concerning the amounts paid under and other terms in confidential contracts entered into by the parties with third parties, and the financial and other terms of contracts entered into by the parties that are competitively sensitive and that would harm the parties if such terms were disclosed to their competitor, (b) other information that constitutes proprietary information, confidential business information, information that a party or third party may need, for any business, employment or competitive purposes, to be protected from disclosure, (c) trade secrets, and/or information in which a party or any third party has a privacy interest, and (d) information that is subject to protection from disclosure, or limitation upon disclosure, under applicable law; (2) believe that unrestricted disclosure or dissemination of such Confidential Information will cause them some business, commercial, and privacy injury; (3) desire an efficient and practicable means to designate such information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and thereby help ensure its

///
///
///
///
///
///
///
///

7076632v1

- 14 -

1  continued protection against unwarranted disclosure or dissemination; and (4) have
2  agreed to such means as set forth herein.
3          IT IS SO STIPULATED.

4  DATED: June 16, 2010    JEFFREY D. GOLDMAN
                                      BRIAN M. YATES
5                                        JEFFER, MANGELS, BUTLER & MARMARO LLP
6
7                                        By:/s/_____
                                          Brian M. Yates
8                                      Attorneys for Defendants UNIVERSAL MUSIC
9                                      GROUP, INC., UNIVERSAL MUSIC GROUP
                                    DISTRIBUTION, CORP. (erroneously sued as
10                                     "Universal Music Group Distribution, Inc.") and
                                    FONOVISA, INC.
11 DATED: June 16, 2010    JEFFREY S. KRAVITZ
12                                     ISMAEL BAUTISTA, JR.
13                                     FOX ROTHSCHILD LLP

14                                     By:/s/_____
15                                         JEFFREY S. KRAVITZ
                                    Attorneys for Plaintiff JULIAN GARZA
16 DATED: June 16, 2010    ANTHONY R. LOPEZ
17                                     LAW OFFICES OF LOPEZ & ASSOCIATES

18                                     By:/s/_____
19                                         Anthony R. Lopez
                                    Attorneys for Defendants AYANA MUSICAL, INC.,
20                                     CINTAS ACUARIO, INC., JENNI RIVERA and
21                                     ROSA RIVERA

22
23 IT IS SO ORDERED.

24 Dated: June 30, 2010                     _____/s/_____
25                                     Hon. Jacqueline Chooljian
                                    United States Magistrate Judge
26
27
28

7076632v1
                                    - 15 -

# EXHIBIT A

## ACKNOWLEDGEMENT AND CONSENT TO JURISDICTION

I,_____, acknowledge that I have been given a copy and have read the Stipulation and Protective Order Regarding Confidential Information (the "Order") in *Julian Garza v. Universal Music Group, Inc., et al.*, Case No. CV 09-6866 CBM (JCx), and I agree to be bound by its terms. I acknowledge and agree that any documents received by me in connection with this matter, including, without limitation, those marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and any copies, excerpts, summaries and abstracts of such documents, shall not be disclosed to or discussed with anyone except as expressly provided in the Order. I further acknowledge and agree that all documents received or prepared by me in connection with this matter, including, without limitation, documents marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, shall be used only in the prosecution or defense, including any appeal, of this matter and shall be returned at the conclusion of the case.

I consent to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcing the Order and penalizing violations thereof.

EXECUTED on _____, at _____.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

By: _____

Name: _____

Title: _____